Before that, I should say, if you intend to reserve some time for rebuttal, please stay to the beginning of your presentation. But you will have to keep an eye on the clock. And we won't remind you about your time for rebuttal. All right. So the first case will be United States of America versus. David's here. Go ahead. USA versus Mark Laurico-Yeno. Good morning. May it please the court. Christy Hughes from federal defenders for appellant Mark Laurico. I'd like to reserve two minutes for rebuttal, please. This is a case where California has repeatedly stated that the statute is violated by just the least amount of touching. And the question is whether that least touching qualifies as a type of violent active force that's required for a crime of violence. Whoa, whoa, whoa, whoa. The least touching standard has been found in several cases to apply to the plain battery statute 242. But 273.5, by its own language, requires physical touching with a corporal injury resulting in a traumatic condition. It does, Your Honor. I have two responses. The first is that traumatic condition and the corporal injury are terms of art. When you actually look at how they're defined in the statute, it's a minor injury and it says it doesn't have to be of a serious nature. Are you familiar with doing this, Alvarez? I am. All right. Are there any cases in California that you can cite? Not some hypothetical, perhaps law school interpretation, but some cases in California where a slight touching without any visible or substantial corporal injury has been prosecuted successfully by the public authorities under 273.5? Well, again, I have two responses. The first is we pointed to the Dennis case, which was ‑‑ Say what? Dennis, and it's cited in our 28J and it's in the briefs, and it was a 273.5 and it was upheld on both direct appeal and in a federal habeas. And there the defendant touched the victim on her hand to grab the cell phone out of her hand. And in doing so, her acrylic fingernail broke off and there was a slight amount of bleeding. And that was held by the court to be sufficient to sustain a conviction under this statute. But additionally, Duane S. Alvarez requires ‑‑ Well, isn't that a traumatic injury? Isn't that a corporal injury that resulted in a traumatic condition? I mean, trauma is a blow. And a ripping of a fingernail that causes bleeding is a physical injury. So this is least touching. Battery cases in California can be misdemeanors when there's offensive touching which doesn't leave any bruises or any signs of physical distress. The Dennis case, given what you cited, doesn't seem to fall into that category. Well, the question of under 16A and what is a crime of violence doesn't have anything to do with the injury. It has to do with the amount of force applied. And California has said that 273.5 is violated by a commit to ‑‑ I'm sorry, an intent to commit an unlawful touching and by the least touching. And that just an unpermitted ‑‑ We have a case that says that 273.5 in California can be committed by least touching. Yes, the Guster case actually uses the phrase least touching. The ‑‑ Pardon? The case, what was the name of the case? Guster. And the Stearns case is the case that says that the force required is the intent to merely commit an unlawful touching. And then again, later California courts in McCombs said that an unpermitted application of force, no matter how small, will result in a conviction. So here we have the California courts clearly and consistently interpreting their own statute. And so that sets up more than a theoretical possibility that the statute will be applied to this very low level of force. And in Vidal, this court actually said when it's clear that the statute will be applied in this manner, in the manner that the defendant argues, you don't have to point to a case with a fact pattern. When you can look at the statute and the way it's interpreted by the courts, that's sufficient. And in Vidal, the court held that the defendant had met his burden of showing a realistic probability. And, in fact, in Vidal, the court actually went farther than the court has to do in this case. Here we have California courts consistently interpreting their own statute to say it applies to the least touching. In Vidal, the court actually had to go beyond the statutory language and look first to legislative history to see how California determined or, I'm sorry, or defined principal and accomplice liability at the time that statute was passed. And then it also had to go outside the vehicle code statute that was at issue and look at the penal code to determine how California categorized accomplice and principal liability. Here we don't have to go that far. We have a number of cases saying the least touching suffices. And the reason the least touching suffices is California has intentionally set out to criminalize an incredibly broad range of conduct to protect people in domestic relationships. Do you mean incredibly? Do you mean large? Yes, a very large range. And so at the bottom of that range, at the least egregious end of that range, is this least touching. And essentially California doesn't require broken bones or some sort of egregious injury before the conduct comes within the statute. They step in and they say it's a bruise, that's enough, that satisfies the statute. And so what that means is that not every conviction under this statute is necessarily a crime of violence because the bruises that are caused by just grabbing someone's arm, just a slight application of force that isn't the active violent force that we think of and that's required for a crime of violence. You do agree that California requires willful infliction, not grossly negligent or negligent infliction. Well, it requires willful application of force, but it doesn't require willful infliction of injury. In fact, California in the Borbon case, I think that's how you pronounce it, said you don't have to intend that the use of force will result in an injury. They don't go that far. You just have to intend to touch someone. If it then goes on to result in an injury, that's great and that satisfies the statute. But you don't have to intend that it results in an injury. And I think that under Fernando Ruiz is really what sets the statute apart because there the court talked about the purposeful use of force and using force as a means to an end. And I think what that means is that you use force intending to cause an injury. And here we just don't have that. We have intentionally using force, but it doesn't go the step further and actually intend to cause injury. What do we do with the case of United States v. Solorio Nunez, one of our cases? Well, Solorio Nunez. That holds the 273.5 apply for a crime of violence. It does, but, Your Honor, that what Solorio Nunez does is the issue there was whether or not it was actually a felony. Whether or not 273.5 is a crime of violence was never briefed. It wasn't argued by the parties. But it was found by the court. It was, but the court didn't even touch that. The lower court found that. This court didn't even touch that finding. Oh, yes, it did. And there's a paragraph that so states. I believe what the court addressed was whether or not this statute qualified as a felony, but didn't go into any analysis about whether or not it was a crime of violence, and the parties didn't brief that issue. The district court properly applied an enhancement for a felony, quote, crime of violence, unquote, based on, pardon me. No, go ahead. Do you want to go ahead? No, I want you to. Based upon the Solorio Nunez conviction under California Penal Code 273.5. That's a correct statement of the case, Your Honor. But there's absolutely no analysis behind that. And there was, looking at the briefing by the parties, that wasn't an issue. It didn't come up. They didn't brief it. It wasn't argued. The court just said properly applied. But there's no analysis accompanying that statement. Since this is an unpublished decision, it's not precedent and not persuasive because it's not reasoned. Exactly. Okay. If the court doesn't have any further questions, I'd like to reserve the remainder. Good morning, and may it please the Court. My name is Douglas Keene, and I am appearing on behalf of the United States in this matter. We would like to, at least with regard to our second argument regarding the aggravated assault, stipulate or submit on our briefing so that we can get to the core issue, which is what has been discussed by counsel here,  is in fact a crime of violence under the residual definition, which defines a crime of violence as the use, attempted use, or threatened use of physical force against the person of another. This is nuanced by the state law, I'm sorry, by the Supreme Court law, that requires that it not be reckless and not be negligent. And that's been established already, as the Court is well aware, in Fernandez-Ruiz. Solorio-Nunez was briefed by the parties in this case. And as our response indicates, that was the lower court's basis for making this decision. Solorio-Nunez did find that 273.5 is categorically a crime of violence, that it was properly applied. But we know this. Do you agree that that is not a binding decision because it wasn't published and it's not persuasive because it's not reasoned in the MENDIS bill? Correct, Your Honor. Correct. Why don't we get to the real issue which counsel Ms. Hughes brought up, which is she's cited a series of California cases, frankly, with which I'm not familiar, saying that the least touching is a violation of 273.5, so therefore the physical impact portion of the statute, as interpreted by California under Duenas-Alvarez, would allow a prosecution without there being really any violence involved. That is Lodico's assertion, and it is incorrect. The cases that Lodico asserts two sets of cases. There are two groups of cases that he asserts. He has the cluster of cases which is led by Guster, which for convenience we refer to as the Guster cluster. And that supposedly lends legal support to his argument. And then there is the menagerie of cases which is ostensibly led by Dennis, which, again, supposedly lends factual support to his proposition. But when we look at those cases, see, Lodico requires us to look at those cases with the most finite stencil and excludes a lot of details. I'd like to point out, as I think the Court has intuited in Dennis, the victim herself in that case and the Court in the final paragraph indicated that this was the testimony, this was the evidence that the Court, that the jury found most persuasive. She said, I quote, My finger's bleeding because he grabbed my fingernail and then pulled. The nail came off my finger, even though it's acrylic, and still he pulled it off and the whole thing's just bleeding. That is not a least offensive touching. We would have to disregard that fact, and that is something that the jury in that case did not disregard. That's something that the Court in that case did not disregard. In fact, Dennis represents not what Lodico would ask us to expect. Yes, Your Honor. I'm sorry. Lodico. I didn't say anything. I'm sorry, Your Honor. Dennis represents not what Lodico would. I did not say anything. All right. Dennis does not represent what Lodico would ask us to believe it represents. Dennis represents the entire reason why 273.5 exists. Dennis was a situation where the defendant was attempting to improve his legal situation by minimizing the harm that he had inflicted upon the victim. It's not the first time, and sadly it is not the last time, that a domestic batterer has attempted to do this. But what the jury found persuasive was the victim's contemporaneous statement, as I just read it back to the Court and stated in that record. That's the best. That's the best that Lodico can offer under Duenas-Alvarez. It is not a least offensive touching. You see, Lodico. Counsel, Judge Gould, I do have a question for you now, and that is of all the cases that are cited by the appellant, are there any that apply 273.5 in a case where there is just a least touching and not some more harsh assault or battery that causes the injury? It does not, Your Honor. In fact, those cases are offered by Lodico ostensibly to argue that if any of them can be characterized as having inflicted a small or minor or insignificant amount of injury, which none of them does, that somehow implies that the statute can be applied in an overbroad manner. It doesn't. Because in order to do that, we would have to read an extra element into the Federal definition of crime of violence at bar here, which is to require injury. But it doesn't. Crime of violence under the guidelines requires the use, attempted use, or threatened use of physical force upon the person of another. There is no need to prove that there was any injury. 273.5 requires that. The California State Legislature requires that. Because of that, that is exactly why 273.5 meets the definition at bar here and, in fact, exceeds it.   And the Federal Defense Department has been working tirelessly on this case and 32 years of application of this statute. Not one case has been found by the defense – I'm sorry, by Lodico, who bears the burden of advancing this argument, or by the government in responding to this argument, where the courts have found a violation of 273.5 substantiated by least touching. What about the Guster cluster? The Guster cluster of cases. And I think counsel stated, if I'm quoting her correctly, it uses the words least touching. Well, she states that very correctly, because that's all Guster has to do with this. You see, Duenas-Alvarez represents the Supreme Court asking this question already. The Supreme Court has delivered this inquiry from the quicksand of imagination, speculation, or semantics. And that's where this entire – where the entire appeal lies. Guster, for one, is not an appeal of an – of a conviction for 273.5. It actually involved an inquiry in California state law determining whether or not that defendant could be impeached should he testify in some future tribunal. It is an inquiry in state law that is completely irrelevant to the inquiry before us today. In addition, the suggestion – that is, the mere use of the words least touching. And that's all that Lodico has to hang Guster on. It was dicta. It has no application. Guster is unpublished, it's irrelevant, and no court in the 32 years that this has been applied has attempted to even approximate the use of that language, perhaps to avoid this kind of misunderstanding. Guster is a California case and it's unpublished? That's correct, Your Honor. I understand that Guster is an unpublished case. Isn't it a violation of ethics to cite an unpublished case? Well, that was – that was my initial understanding. However, under Celoya Nunez – I'm sorry, not Celoya Nunez – under the Duenas-Alvarez inquiry, I think the Supreme Court has permitted inquiry into applications that are unpublished. Now, it is yet to be determined whether or not that's sufficient because Duenas-Alvarez requires proof of a – I'm sorry – a realistic probability that the state is going to apply a statute in an overbroad manner. It could be argued that that requires an appellate opinion because one court's determination in an unpublished case has no precedential value. Guster is an example of that. But as the law currently stands, it appears that the Supreme Court will at least allow the appellant some inquiry into unpublished cases for examples of this nature. But we would still argue that because it is unpublished and has no precedential value, in addition to the fact that its inquiry is actually wholly irrelevant to this one, it doesn't apply. So – Is it wholly irrelevant to this one? Yes, Your Honor. Guster and the other cases as well. The court asked about the Guster cluster. It's led by Thurston. The counsel also mentioned Borbin, again claiming that the reading of Thurston, which, as we pointed out in our briefing, was faulty, then allows Lodico to tie Borbin into that rationale as well. Borbin, however, makes zero mention of the Guster cluster. He makes no mention of the term least touching, or even to the concept for which it refers. The only aspect of Thurston that Borbin reaffirmed was the former's holding that California Supreme Court's California Penal Code Section 273.5 is a general intent crime. Now, that is another rabbit hole that we're asked to explore. However, the distinction between specific and general intent crime in California state law is not relevant to this case. All it requires, as the Court has correctly noted, is a willful application of force upon the victim and resulting in injury. Not just resulting in injury, but causing injury. That's the standard. What specific intent is required to produce the injury? Well, again, specific versus general intent is an inquiry that is separate from the definition that we're dealing with here federally. Right. The question is, does it require the willful application of force? And Jackson, California Court of Appeals, has affirmed, and if there is anything solid about this interpretation of this statute, contrary to what Loroco would assert, is what Jackson represents, which is that it requires the willful and intentional infliction of force upon the victim causing injury. That meets the federal definition at bar here and, in fact, exceeds it, because the federal definition does not require evidence of injury. But evidence of injury is required for 273.5 as a result of the willful infliction of physical violence upon the victim. If the Court has no further questions, then the summary of our argument is that we know by three different means that 273.5 is categorically a crime of violence under this statute and under the definition at bar. We know it because the law, both the statute itself and the laws applied in the California courts, require the standards we just stated. In addition, the applicable conviction standards by both the CALJIC and CALCRIM jury instructions, they always specify, always specify when a crime against another person can be accomplished through a least touching. They always do. They don't with 273.5 because it cannot be done. They know what we know already. And the additional reason that we know this is because of the question the Supreme Court has already asked in this kind of situation, which is, in 32 years of application of this statute, is there any example where a least touching is able to satisfy the requirements of 273.5? In spite of the cases that are paraded before us, when we look at them properly, when we look at them as this inquiry requires, we find out every single case involved the direct application of force upon the victims resulting in traumatic injury. For all three of those reasons, any one of which is sufficient, it can be determined and is determined that 273.5 is categorically a crime of violence in the guidelines definition. Thank you very much. Ms. Hughes, I'd like you to address in your rebuttal the question raised by Judge Gould. Are there any cases in California where a 273.5 penal code conviction has been sustained on evidence of nothing more than, quote, least touching? I thought you said that Dennis was an example of that. That doesn't seem quite to square with the portion of the transcript that counsel read in his presentation. Are you also claiming that the Guster cases, or the Guster cluster, as he calls them, are cases of 273.5 conviction with least touching? Well, first, Your Honor, in Dennis, that actually wasn't the testimony at trial. That was the 911 tape. The testimony at trial, there was a dispute by the victim. At trial, she said she sat up in bed, her acrylic nail got weak, and it fell off. Was that the 911 testimony that was admitted in trial? Was counsel saying something outside the record? It's in the opinion, and I believe, that she was impeached with that 911 call. And so the jury did hear it. All right. So under 1235 of the evidence code, she was impeached with a statement that came in as evidence also. So what's your point? I just mean to say that there was a dispute about how that was actually caused. And so whether or not it was caused by the evidence, that was evidence from which we can glean that her fingernail got torn off. There is. I mean, I would say that taking a step back, we don't even need to get to that. What about the Guster cluster? Are you saying that those are cases where 273.5 convictions resulted with the least touching? No, Your Honor. And what cases do you have, if any, to answer the question put by Judge Gould, that say that in California there have been, under Duane's alibis, cases that have resulted in convictions under 273.5 where there was a, quote, least touching, no physical impact, no traumatic condition? Well, in response to Judge Gould's concern from Duane S. Alvarez, what happened in Duane S. Alvarez is that the defendant was applying what the court called legal imagination to the statute. And essentially, he or his lawyer got creative and said, this statute could be applied in this way. That's what you're saying now, unless you can cite to me some case that tells me that 273.5 has resulted in a conviction where there was a, quote, least touching factual predicate. Well, Your Honor, we're not doing what the defendant did in Duane S. Alvarez where he himself made that up. Here, what we're saying is that in California. Counsels, Judge Gould, people can argue about what Duane S. Alvarez means, and you can argue you're not doing what they're doing there. But still, my question is really a simple one. Is there any case that's a reported case where a California court has said that particular domestic abuse statute is violated on evidence that was not more than a least touching? Because, you know, you might want to argue something broader, but that's certainly one of the factors we should consider. Well, in answer to that, Judge Gould. I still want an answer to my question. First of all. Whether you have such a case. Well, we would argue that Dennis is that case. It wasn't a severe beating that was prosecuted. There, it was he grabbed her hand and her fake fingernail fell off. That was the conduct that was punished by 273.5. And here, we would argue that doesn't rise to the active violent force that's required for 16A. And I thought that the government's lawyer read from the statement where she had said he tore the fingernail off, not that it fell off. And, you know, there often are disputes in the facts in the case. And if she said it fell off at trial and she was impeached with the evidence that she said on the tape it was torn off, the jury could have determined that. That's correct. So I'm trying to find if you whether or not, you know, it's really a yes or no question. And do you have a case that shows a conviction under 273.5 where the evidence in the light most favorable to the government, let's say, does not show more than a least touching? Well, I would answer yes. And what the court actually found in Dennis, the court said, regardless of whether the injury was caused by Dennis's pulling the thumbnail off or was torn off in the struggle for the cell phone, in either scenario, Dennis was in direct physical contact with Brown. So there, the court wasn't looking. All the court cared about was whether or not it was caused by direct physical contact. And that was enough for the California court there. As long as he was touching her when that fingernail came off, that was enough. And so we would argue that Dennis is that case that satisfies that there. The court said, we're not looking at some extreme application of force. We're looking at were you in direct contact with her fingernail and it fell off? Yes. And that's enough. There was blood there. There was blood. You're correct, Your Honor. Thank you. Thank you. I'm sorry to take you over your time. Thank you for your presentation. The case of the United States versus the article, you know, will be submitted. And we will go to the next case. I need Kathy to move the papers. Which is Trammell. Pardon me, USA versus Denton. Denton, I think, is on the briefs. Or am I wrong on that? That's been submitted on the briefs. And so has the next one. Felix Lopez. So the next case would be United States versus Hernandez Sanchez.
judges: Molloy, Gould, Bea